Filed 5/6/21  P. v. Greer CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077939 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN290070) |
| JASON JOE GREER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

In 2012, Jason Joe Greer was charged with first degree murder (Pen. Code,[1] § 187, subd. (a)), as well as burglary (§ 459), and attempted robbery (§§ 664, 211).

In 2013, Greer pleaded guilty to voluntary manslaughter (§ 192, subd. (a)) and attempted robbery (§§ 664, 211). The remaining charges and allegations were dismissed. Greer was sentenced to a determinate term of 19 years four months in prison.

In 2019, Greer filed a petition for resentencing under section 1170.95, claiming he pleaded guilty to manslaughter to avoid trial for felony murder under an aider and abettor theory. Accordingly, Greer contends he is entitled to resentencing under section 1170.95, even though he was not convicted of murder.

The trial court appointed counsel, received briefing, and reviewed the record of conviction. The court denied the petition finding Greer was not eligible for relief because he was not convicted of murder, which is a necessary prerequisite for relief under the statute.

Greer filed a timely notice of appeal.

In his appeal, Greer acknowledges all court of appeal decisions regarding eligibility for relief by persons convicted of manslaughter have rejected his contentions. He notes the Supreme Court has not granted review in any of the cases, and we do not have that court's final word on the issue. He argues all of the appellate decisions rejecting his arguments are simply wrong, including decisions of this court. We will reject Greer's arguments and adhere to the views we have previously expressed. (*People v. Turner* (2020) 45 Cal.App.5th 428, 435-439 (*Turner*).)

---

[1]     All further statutory references are to the Penal Code.

2

DISCUSSION

Senate Bill No. 1437 "was enacted 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*))

Section 1170.95 was created to permit defendants convicted of felony murder or murder under a natural and probable consequences theory to file a petition for resentencing to have the murder conviction vacated and to be resentenced on any remaining counts. (§ 1170.95, subd. (a).)

The beginning point of the analysis of Senate Bill No. 1437 is that the defendant must have been convicted of murder or by plea in a case prosecuted on a felony murder or natural consequences theory. (*Martinez*, *supra*, 31 Cal.App.5th at p. 723.) In this case Greer was not convicted of murder, and his conviction did not arise from an offense where malice is an element of the crime. Thus, Greer is not a person aggrieved by the former methods of proving malice that the Legislature has now rejected.

The arguments that the statute applies to persons convicted of manslaughter after being charged with murder or that failure to apply the statute to manslaughter convictions would violate equal protection have been soundly rejected by the courts of appeal, including the following cases: (1) *People v. Harris* (2021) 60 Cal.App.5th 557, 565-571 [Fourth Appellate District, Division Two]; (2) *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916, 918-921 [Fourth Appellate District, Division Two]; (3) *People v. Paige* (2020) 51 Cal.App.5th 194, 197-198 [First Appellate District, Division Two]; (4) *Turner*, *supra*, 45 Cal.App.5th at pages 435-439 [Fourth Appellate

3

District, Division One]; (5) *People v. Flores* (2020) 44 Cal.App.5th 985, 992-997 [Fourth Appellate District, Division One]; and (6) *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887-888 [Second Appellate District, Division Six].

We have reviewed the cases listed above, all of which have rejected all of Greer's arguments. We agree with the analysis in each of the cases.

In *Turner*, *supra*, 45 Cal.App.5th at pages 435 through 439, this court analyzed the arguments that are now presented in this appeal. We carefully considered the same arguments and found them to not be persuasive. We continue to hold to the views we expressed in *Turner*. For the reasons set forth in *Turner*, we once again hold that a person convicted by plea of voluntary manslaughter is not eligible for resentencing under section 1170.95. We further hold that denial of eligibility for relief to persons convicted of voluntary manslaughter does not violate equal protection.

DISPOSITION

The order denying Greer's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.